UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| CEDRIC WHITESIDE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 1:14-cv-00084 |
| | ) | Chief Judge Haynes |
| v. | ) ) | |
| f/n/u WARD, *et al.*, | ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, Cedric Whiteside, an inmate at the Hickman County Jail in Centerville, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Hickman County Sheriff f/n/u Ward, Captain f/n/u Harness, Sergeant f/n/u Smith, Sergeant f/n/u Braggs, Sergeant f/n/u Jolly, Corporal f/n/u Russell, Corporal f/n/u Tyler, Officer f/n/u Bradley, Officer f/n/u Roberson, Officer f/n/u Snyder, Officer f/n/u Adkinson, Officer f/n/u Varden, and Officer f/n/u Carlson. (Docket Entry No. 1). This action was transferred to this District by the Western District of Tennessee pursuant to 28 U.S.C. § 1406(a). (Docket No. 7).

According to his complaint, while incarcerated at the Hickman County Jail, Defendants Smith and Harness handcuffed Plaintiff and forced him to kneel while Defendant Smith restrained the Plaintiff and Defendant Harness "grabbed the back of [the Plaintiff's] head and proceeded to slam it forward into the wall." (Docket No. 1 at p. 2). After the Plaintiff yelled and told the Defendants that he was going to notify his family of the incident, Defendant Harness allegedly ordered Defendant Smith to take the Plaintiff's personal items from him, including the Plaintiff's Bible, stamped envelopes, and all incoming mail. Id. According to the Plaintiff, Defendant Smith complied with Defendant Harness's orders. Id. Plaintiff subsequently asked Defendants Braggs,

Jolly, Russell, Tyler, Bales, and Adkinson to return his personal items to him and all refused, stating that they knew it was "illegal" for the items to have been removed, but they are all "following orders." Id. at 4.

To state a § 1983 claim, Plaintiff must allege plausible facts: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Flagg Bros v. Brooks, 436 U.S. 149, 155-56 (1978). Both parts of this two-part test must be satisfied to state a claim under § 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

The Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel, Watkins v. City of Southfield, 221 F.3d 883, 887 (6th Cir. 2000), that are examined under a reasonableness standard. Saucier v. Katz, 533 U.S. 194, 209 (2001). The Court must view the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively, Graham v. Connor, 490 U.S. 386, 396-97(1989), and considers the totality of the circumstances without regard to intentions or motivations. Id. at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396. The Court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." Id. at 396-97.

From the Court's review, Plaintiff's complaint sufficiently states colorable claims under the

First Amendment for interference with outgoing mail and removal of Bible and the Fourth Amendment for excessive force.

However, with regard to named Defendants Ward, Bradley, Roberson, Snyder, Varden, and Carlson, the complaint does not identify any actions these Defendants allegedly took that might have given rise to the Plaintiff's claims against them. A plaintiff "must allege how each defendant was personally involved in the acts about which the plaintiff complains." Rizzo v. Goode, 423 U.S. 362, 375 (1976). Because the Plaintiff fails to allege any facts that the Defendants Ward, Bradley, Roberson, Snyder, Varden, and Carlson were personally involved in the acts about which the Plaintiff complains, Plaintiff's claims against these Defendants are **DISMISSED with prejudice**.

The Clerk is instructed to send the Plaintiff a service packet (a blank summons and USM 285 form) for Defendants Harness, Smith, Braggs, Jolly, Russell, Tyler, Bales, and Adkinson. The Plaintiff will complete the service packet and return it to the Clerk's Office within twenty (20) days of the date of receipt of this order. Upon return of the service packet, **PROCESS SHALL ISSUE** to these Defendants. The Plaintiff is forewarned that the failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

It is so **ORDERED**.

ENTERED this the ____ day of September, 2014.

_____
WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court